IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| DERRICK RAY KELLY, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 6:14-cv-00697-LSC |
| | ) | |
| TRAVIS WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

Derrick Ray Kelly ("Kelly") filed a civil rights action in this Court, seeking money damages along with declaratory and injunctive relief under 42 U.S.C. § 1983 ("§ 1983"). All Defendants have filed an answer responding to the claims for money damages, but a dispute remains as to the demands for declaratory and injunctive relief. Defendant Rick Harris ("Harris") has moved to dismiss those demands. (Doc. 7.) Kelly has opposed the motion but has also moved for leave to file an amended complaint. (Doc. 14.) For the reasons discussed below, Harris's motion to dismiss is due to be granted, and Kelly's motion for leave to amend is due to be denied.

I.   **BACKGROUND**

Kelly was incarcerated at the Winston County Jail (the "Jail") from February

2012 until March 2013, while he was awaiting trial. Defendants Travis Wright ("Wright") and James Whitman ("Whitman") were employed as corrections officers at the Jail while Kelly was held there, and Defendant Harris was the sheriff of Winston County, Alabama.

During his incarceration, Kelly claims that Wright harmed him on multiple occasions. First, on one occasion Wright purportedly sprayed him with a powerful "pepper"-type spray known as "freeze" while he was working in Block A work release at the Jail. According to Kelly, Wright had no justification for spraying him, and he did so only for his own amusement. Additionally, Wright and the other Defendants allegedly exacerbated the effects of the spray by keeping him in a small, poorly ventilated area and denying him access to medical care. Instead of following the manufacturer's instructions for using the spray, Wright left Kelly in a confined area, denied him access to an appropriate decontamination process, and ignored his requests for medical assistance. In addition to the spraying incident, Kelly complains that Wright intentionally struck him in the kidney on two occasions without any justification or provocation. Kelly indicates that other inmates had experienced similar issues with Wright, but Whitman and Harris failed to take appropriate action even though they were aware that Wright had a history of this type of behavior.

Based on the facts pleaded in the complaint, it appears that Kelly's incarceration at the Jail ended in 2013. Although the complaint is unclear as to why Kelly left the Jail, he has not pleaded that he had any contact with the Jail outside the period of incarceration from February 2012 to March 2013. Thus, it appears from the complaint that Kelly was either transferred or released from the Jail in March 2013 and has had no contact with the Jail since.

On April 15, 2014, Kelly filed his complaint in this Court. He alleges § 1983 claims based on violations of his Eighth and Fourteenth Amendment rights for the spraying and striking incidents. Kelly's claims against the Defendants for money damages based on these violations are not at issue. However, Kelly demands injunctive and declaratory relief against Harris in his official capacity, seeking to have this Court declare a number of policies at the Jail unconstitutional.

## II.   STANDARD OF REVIEW

Standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014). As Kelly is the party invoking this Court's jurisdiction,

he has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992).

"[E]ach element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136). When raised at the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014). However, a defendant may raise a facial attack upon a plaintiff's standing, and the Court must consider whether the allegations in the complaint, taken as true, support an inference of standing. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

### III.   DISCUSSION

At this stage in the litigation, Harris has raised a facial challenge to Kelly's standing to pursue declaratory and injunctive relief *only*. Unlike money damages, both declaratory and injunctive relief are forms of prospective relief. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1325 (11th Cir. 2013) (explaining that "[d]eclaratory relief is by its nature prospective"); *see also Church*, 30 F.3d at 1337

(noting that "injunctions regulate future conduct"). "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001).

Turning to the complaint, Kelly pleaded that "[f]rom February 2012, until March 2013, [he] was in custody in the Winston County Jail in Double Springs, Alabama." (Doc. 1 at ¶ 5.) Kelly's additional pleaded facts are consistent with this time frame, as he re-pleaded that timeline for one of his § 1983 claims, and he alleged that both injuries occurred at some point after April 15, 2012. From the plain language of his pleading it is clear that Kelly's incarceration at the Jail ended in March 2013, when he was either transferred or, more likely, released from the Jail. Importantly, Kelly has not included *any* facts to suggest that he has returned to the Jail at any point since March 2013 or that he is likely to return to the jail in the future.[1]

---

[1] When the Court reviews standing on a Rule 12 motion, it is generally limited to the allegations in the complaint. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (noting that "[o]n defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint"). Kelly attached various documents to his brief in response to Harris's motion to dismiss. None of these documents discuss Kelly specifically, but they detail other inmates' dealings with the jail. Although the Court does not consider these documents for purposes of the motion to dismiss, it notes that none of the attached documents, suggest that *Kelly himself* has either returned to the Jail since March 2013 or that he is likely to return there.

Although Kelly has pleaded facts to suggest that he was harmed while at the Winston County jail, this would only establish a live controversy on a claim for money damages and not a claim for declaratory or injunctive relief. *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury."). When a prisoner has been held in a jail but is later released or transferred, "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). In addition, Kelly has not pleaded any facts to suggest that his transfer or release was part of an effort to evade this Court's jurisdiction. *See id.* (suggesting that "this court might entertain jurisdiction over [the] claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the court").

Moreover, an assertion that one may again be subject to an unconstitutional police policy does not generally give rise to standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666 (1983). Indeed, to conclude that Kelly has standing to seek *prospective* relief based on *future* injury, the Court would have to assume that he would commit another crime, be charged with that crime, and then be

held at the Jail either pending trial or as a result of his conviction. Such assumptions would be purely "conjectural, hypothetical, or contingent." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Without some facts to suggest that Kelly is likely to re-offend and be subjected to the procedures at the Winston County jail, the Court will not assume that he is likely to engage in future criminal activity. *Cf. Church*, 30 F.3d at 1337–38 (determining that homeless individuals had standing to seek equitable relief because, unlike in *Lyons*, their status as homeless persons made it likely that they would violate various laws prohibiting them from gathering in public places). Thus, Kelly has failed to plead sufficient facts to suggest that he faces the *future* injury needed to establish standing in order to seek declaratory or injunctive relief.

Instead of dismissing these claims, Kelly contends in his brief that the Court should allow him jurisdictional discovery on these issues. However, such request is due to be denied because he has not established a *prima facie* case that suggests the Court would have jurisdiction. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional

issue.").[2]

Finally, Kelly has moved for leave to file an amended complaint. Generally, when a party requests leave to amend his pleading, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court should not grant leave to amend when it appears that the proposed amendments would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (noting that amendment is futile when a complaint would still be appropriately dismissed as amended). The proposed amendment lists a number of policies at the Jail that Kelly contends are unconstitutional, and it also has added facts about incidents where the Defendants purportedly harmed several other inmates.[3] Although Kelly has identified the policies he challenges, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, [though] it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206 (1975) (internal citation omitted).

---

[2] The Court also notes that Kelly "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in [his] briefs." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

[3] The proposed amended complaint describes certain incidents involving inmates Michael Brimer and Joshua Kizzire, but nothing ties either incident to Kelly. (Doc. 14-1 at ¶¶ 5–6.) In addition, the proposed amendment attaches the same documents to the amended complaint that Kelly attached to the motion to dismiss. None of these documents discuss Kelly's period of incarceration or suggest that he is likely to return to the Jail.

Here, the proposed amendment provides greater description about the nature and source of Kelly's claims, but it does not include *any* facts to suggest a likelihood of *future* injury. Indeed, the proposed amendment merely restates that Kelly was held at the Jail from February 2012 to March 2013. (Doc. 14-1 at ¶¶ 7, 36.) In order to prospectively challenge these policies or customs, Kelly would have to plead facts to suggest that he faces likely incarceration in Winston County in the future. He has not suggested such facts, and thus dismissal without prejudice is appropriate. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008) (noting that when a federal court lacks standing it should dismiss the claim without prejudice).

## IV.   CONCLUSION

For the reasons discussed above, Harris's motion to dismiss Kelly's demands for declaratory and injunctive relief is due to be granted. (Doc. 7.) These demands will be dismissed without prejudice. Kelly's motion to amend (Doc. 14) is due to be denied. A separate order consistent with this opinion will be entered.

Done this 9th day of June 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256